1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

8
9  ANTHONY BAILEY,

10         Plaintiff,                          Case No. 2:09-CV-02281-KJD-(PAL)

11  vs.                                        **ORDER**

12  CITY OF LAS VEGAS, et al.,

13         Defendants.

14

15         Plaintiff, who is a prisoner in the Clark County Detention Center, has submitted an

16  application to proceed in forma pauperis (#1), a civil rights complaint pursuant to 42 U.S.C. § 1983,

17  a request to file an eight-count civil rights complaint (#2), and a motion requesting of court to

18  dismiss counts II, IV, and V of the civil rights complaint (#4).  The court finds that plaintiff is

19  unable to pay an initial partial filing fee.  28 U.S.C. § 1915(b)(4).  Plaintiff must still pay the filing

20  fee in monthly installments.  28 U.S.C. § 1915(b)(2).

21         The court has reviewed the complaint.  The court will dismiss some counts that

22  plaintiff has not already dismissed, and the rest of the complaint requires amendment.  When a

23  "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity,"

24  the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint,

25  if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be

26  granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C.

27  § 1915A(b).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

28  complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6)

1    is essentially a ruling on a question of law.  North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d

2    578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim upon which relief

3    can be granted, all material allegations in the complaint are accepted as true and are to be construed

4    in the light most favorable to the plaintiff.  Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir.

5    1980).  Allegations of a pro se complainant are held to less stringent standards than formal

6    pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

7            Count 1 concerns the conditions of confinement at the Clark County Detention

8    Center and the medical care that plaintiff received there in December 2007.  Plaintiff claims that his

9    rights guaranteed by the Eighth Amendment were violated, but plaintiff appears to have been a pre-

10   trial detainee.  The Eighth Amendment protections against cruel and unusual punishment apply only

11   to punishment imposed as a result of conviction of a crime.  Bell v. Wolfish, 441 U.S. 520, 535-37

12   & n.16 (1979).  Because plaintiff complains about the conditions of his confinement as a pre-trial

13   detainee, he does not enjoy these Eighth Amendment protections.  On the other hand, plaintiff can

14   still call upon the protections of the due process clause of the Fourteenth Amendment, which

15   ensures that no state shall "deprive any person of life, liberty or property, without due process of

16   law."  U.S. Const. Amend. XIV; see Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987).

17           The due process clause permits the state to subject pre-trial detainees to conditions

18   and restrictions of a detention facility as long as those conditions and restrictions do not amount to

19   punishment.  Bell, 441 U.S. at 535-37.  "[I]f a particular condition or restriction of pretrial detention

20   is reasonably related to a legitimate governmental objective, it does not, without more, amount to

21   'punishment.'"  Id. at 539.  Subsequent cases have applied Eighth Amendment principles in shaping

22   standards applicable to pre-trial detainees.  See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239,

23   244 (1983), Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996).  If plaintiff

24   chooses to file an amended complaint, and if he actually was a pre-trial detainee at the time, then he

25   should omit reference to the Eighth Amendment and change his claim to argue that his Fourteenth

26   Amendment due process rights were violated.

27           Count 1 also has substantive defects.  First, plaintiff alleges that he had to spend a

28   night in a holding cell, sleeping on the floor.  One night in a holding cell is not sufficient to amount

1    to a constitutional violation.  See Hutto v. Finney 437 U.S. 678, 686-87 (1978); Hoptowit v. Ray,

2    682 F.2d 1237, 1258 (9th Cir. 1982).

3               Second, plaintiff alleges that he was then transferred to a cot for 14 days.  He alleges

4    that during the time spent in the cot area, jail medical officials X-rayed him and provided him with

5    pain medication, to avoid providing him with adequate medical care.  When he was transferred to

6    the North Las Vegas Detention Center, a medical examination showed that he had kidney problems.

7    "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under

8    section 1983."  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  "A 'serious' medical need exists if the

9    failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary

10   and wanton infliction of pain.'"  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting

11   Gamble, 429 U.S. 104), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,

12   1136 (9th Cir. 1997) (en banc).  Deliberate indifference is subjective.  The prison official cannot be

13   held liable "unless the official knows of and disregards an excessive risk to inmate health or safety;

14   the official must both be aware of facts from which the inference could be drawn that a substantial

15   risk of harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 838

16   (1994).  "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible

17   medical need in order for deliberate indifference to be established."  McGuckin, 974 F.2d at 1060.

18   However, a difference of opinion over the appropriate course of treatment does not amount to

19   deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

20               The main problem with plaintiff's medical-care claim is that he does not identify the

21   person or persons whom he thinks were responsible.  As noted above, deliberate indifference is a

22   subjective standard.  Plaintiff cannot prove deliberate indifference until he identifies who was

23   deliberately indifferent.  The only person listed as a defendant who might have had anything to do

24   with plaintiff's medical care is Douglas Gillespie, Sheriff of Clark County.  However, a supervisor

25   cannot be held liable in his individual capacity merely because he is a supervisor.  Monell v.

26   Department of Social Services of City of New York, 436 U.S. 658, 694 & n.58 (1978).  "A

27   supervisor may be liable if there exists either (1) his or her personal involvement in the

28   constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful

-3-

1  conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

2  Plaintiff has not alleged any such personal involvement on the part of defendant Gillespie.

3         Plaintiff's official-capacity claim against defendant Gillespie fares no better.  While

4  individual-capacity actions seek to impose personal liability upon a government official for actions

5  performed under color of state law, official-capacity actions generally represent another way of

6  suing "an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1984)

7  (quoting Monell, 436 U.S. at 690 n.55).  In this case, that entity would be the Las Vegas

8  Metropolitan Police Department.  To succeed with an official-capacity claim against Defendants,

9  Plaintiff must prove that any constitutional violations that he suffered occurred as a result of an

10  official policy or custom, Monell, 436 U.S. at 690, or through a failure to train municipal employees

11  adequately, City of Canton v. Harris, 489 U.S. 378, 388-91 (1989).  Plaintiff's allegations do not

12  support the conclusion that what happened resulted from such official action of the Las Vegas

13  Metropolitan Police Department.

14         Third, plaintiff alleges that when he filed grievances about the medical care he

15  received, an unidentified sergeant at the Clark County Detention Center told him, "If you continue

16  to file grievances something will happen you won't like."  Plaintiff continued to file grievances

17  anyway.  "A mere threat may not state a cause of action," even if it is intended to dissuade plaintiff

18  from pursuing redress.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam).

19         Amendment might cure these defects, and the court will give plaintiff the opportunity

20  to file an amended complaint with respect to count 1.

21         Plaintiff has voluntarily dismissed count 2.  Motion (#4).

22         In count 3, Plaintiff alleges that defendant Luzaich, a deputy district attorney, argued

23  against his release from custody after plaintiff pleaded guilty to charges on July 9, 2009.  These

24  allegations against a prosecutor for her actions taken as a prosecutor.  Defendant Luzaich is

25  absolutely immune from suit.  Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).  Amendment

26  could not cure this defect.  The court dismisses count 3.

27         Plaintiff has voluntarily dismissed counts 4 and 5.  Motion (#4).

28

1    In count 6, plaintiff alleges that his court-appointed pre-trial counsel, defendant

2   Winder, provided ineffective assistance by failing to argue that the prosecution was violating the

3   double jeopardy clause of the Fifth Amendment after plaintiff pleaded guilty on July 9, 2009.  To

4   state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right

5   secured by the Constitution or laws of the United States was violated, and (2) that the alleged

6   deprivation was committed by a person acting under the color of state law.  West v. Atkins, 487

7   U.S. 42, 48 (1988).  Plaintiff cannot state a claim against defendant Winder because court-appointed

8   attorneys do not act under color of state law for the purposes of 42 U.S.C. § 1983.  See Polk County

9   v. Dodson, 454 U.S. 312 (1981).  Amendment of the complaint cannot cure this defect.  The court

10   dismisses count 6 and defendant Winder.

11    In count 7, Plaintiff alleges that police officers violated Nev. Rev. Stat.

12   § 200.471(2)(b) and § 171.234(4).  The first section defines the crime of assault, and it does not

13   provide a private right of action.  The second section does not exist.

14    Plaintiff also alleges that police officers violated his Fourth Amendment rights

15   against unreasonable search and seizure.  If true, plaintiff has stated a claim upon which relief can

16   be granted.  Because plaintiff needs to amend his complaint for other reasons, he also will need to

17   amend count 7 to omit the state-law claims and to re-allege the Fourth Amendment claim.

18    In count 8, Plaintiff alleges that he complained to defendant Masto, the Attorney

19   General of the State of Nevada that defendant Luzaich, the prosecuting deputy district attorney, and

20   defendant Smith, the judge presiding over the matter, were disregarding a double jeopardy violation.

21   To the extent that defendant Masto had anything to do with his criminal case, she acted as a

22   prosecutor and is immune.  Imbler, 424 U.S. at 430-31.  Moreover, defendant Masto does not

23   supervise either deputy district attorneys or district judges, and thus she could not have had any

24   involvement with the prosecution of plaintiff.  The court dismisses defendant Masto.

25    Although plaintiff's allegations in count 8 are directed more toward defendant Masto,

26   Plaintiff might be trying to state a claim against defendants Luzaich and Smith.  The allegations

27   make clear that defendant Luzaich was acting as a prosecutor, and she is immune from suit.  Imbler,

28   424 U.S. at 430-31.  The allegations also make clear that defendant Smith was acting within his

1   powers as a judge, and he also is absolutely immune.  Schucker v. Rockwood, 846 F.2d 1202, 1204

2   (9th Cir. 1988) (per curiam).  Amendment of the complaint cannot cure these defects.  The court

3   dismisses count 8, defendant Luzaich, and defendant Smith.

4            Plaintiff has listed in the caption five defendants who appear nowhere else in the

5   complaint:  The City of Las Vegas, the District Attorney's Office, David Roger, the City of North

6   Las Vegas Police Department, and the Clark County Detention Center Management.  The Clark

7   County Detention Center Management does not exist, because the agency that operates the jail is the

8   Las Vegas Metropolitan Police Department.  In his amended complaint, plaintiff will need to allege

9   how they were involved with the surviving claims, or plaintiff will need to omit them.

10           Attached to plaintiff's request to file an eight-count civil rights complaint (#2) are a

11  petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and related documents.  The

12  respondents to a habeas corpus petition differ from the defendants in a civil rights action, and the

13  relief that the court may grant differs between the two types of action.  Plaintiff will need to

14  commence a separate action if he wishes to obtain relief through a petition for a writ of habeas

15  corpus.

16           IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma

17  pauperis (#1) is **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.

18  However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C.

19  § 1915(b)(2).

20           IT IS FURTHER ORDERED that this order granting leave to proceed in forma

21  pauperis shall not extend to the issuance of subpoenas at government expense.

22           IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark

23  County Detention Center shall pay to the Clerk of the United States District Court, District of

24  Nevada, 20% of the preceding month's deposits to the prisoner's account (inmate #683227), in

25  months that the account exceeds $10.00, until the full three hundred fifty dollar ($350.00) filing fee

26  has been paid for this action.  If plaintiff should be transferred and become under the care of the

27  Nevada Department of Corrections, the Clark County Detention Center accounting supervisor is

28  directed to send a copy of this order to the attention of the chief of inmate services for the Nevada

1   Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that

2   plaintiff has paid toward the filing fee, so that funds may continue to be deducted from plaintiff's

3   account.  The clerk shall send a copy of this order to the Clark County Detention Center accounting

4   supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

5        IT IS FURTHER ORDERED that plaintiff's request to file an eight-count civil rights

6   complaint (#2) is **GRANTED**.  The clerk shall file the complaint.

7        IT IS FURTHER ORDERED that plaintiff's motion requesting of court to dismiss

8   counts II, IV, and V of the civil rights complaint (#4) is **GRANTED**.  Counts 2, 4, and 5 of the

9   complaint are **DISMISSED**.

10       IT IS FURTHER ORDERED that defendants Luzaich, Masto, Smith, and Winder,

11   and counts 3, 6, and 8, are **DISMISSED** from this action for failure to state a claim upon which

12   relief can be granted.

13       IT IS FURTHER ORDERED that the clerk shall send to plaintiff a civil rights

14   complaint form with instructions.  Plaintiff will have thirty (30) days from the date that this order is

15   entered to submit his amended complaint, if he believes that he can correct the noted deficiencies in

16   counts 1 and 7.  Failure to comply with this order will result in the dismissal of this action.

17       IT IS FURTHER ORDERED that Plaintiff shall clearly title the amended complaint

18   as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to

19   42 U.S.C. § 1983" on page 1 in the caption, and Plaintiff shall place the case number, 2:09-CV-

20   02281-KJD-(PAL), above the word "AMENDED."

21            DATED: June 18, 2010

22

23

24                                        _____
                                          KENT J. DAWSON
                                          United States District Judge

25

26

27

28

-7-