# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY BAILEY,

    Plaintiff,

vs.

CITY OF LAS VEGAS, et al.,

    Defendants.

Case No. 2:09-CV-02281-KJD-(PAL)

**ORDER**

    Plaintiff has submitted an amended complaint (#7). The court has reviewed it, and the court will issue summons for service upon defendants.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. <u>North Star Intern. v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. <u>Russell v. Landrieu</u>, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

In count 1, plaintiff claims that defendant Molnar and other, unidentified defendants violated the Fourteenth Amendment when they verbally abused him and aimed guns at him while they were arresting him. Depending upon the circumstances, aiming a gun at a suspect might violate the Fourth Amendment. Robinson v. Solano County, 278 F.3d 1007, 1015 (9th Cir. 2002) (en banc). With that one change, count 1 states a claim upon which relief can be granted.

Count 2 is a claim that defendants did not have probable cause to arrest him, because the alleged victim had not been raped and murdered. Count 3 is a claim that the police did not have probable cause to search plaintiff and to seize his personal property. Plaintiff is currently a pre-trial detainee. If the state court has already decided the issue of probable cause, then plaintiff cannot re-litigate the issue in this court. Allen v. McCurry, 449 U.S. 90, 103-05 (1980). Because this court does not possess the state-court records, it cannot determine whether plaintiff may litigate this issue. The court will allow a response to counts 2 and 3, but they might be subject to dismissal.

In count 4, plaintiff alleges that he was placed on house arrest and that defendant McKan, the house-arrest coordinator, prevented him from leaving his residence to obtain medication for high blood pressure.[1] As a result, plaintiff eventually suffered a stroke. Plaintiff has stated a claim that defendant McKan was deliberately indifferent to plaintiff's serious medical condition. See Estelle v. Gamble, 429 U.S. 97, 105 (1976).

IT IS THEREFORE ORDERED that the clerk of the court shall issue summons to the named defendants and deliver same with copies of the amended complaint (#7) and this order to the U.S. Marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then

---

[1] Plaintiff actually alleges that defendant McKan should have ensured that "plaintiff would have access to life threatening medication." Amended compl., p. 7 (#7) (emphasis added). The court assumes that plaintiff wanted access to medication that prevented his medical condition from threatening his life.

a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED: August 31, 2010

_____
KENT J. DAWSON
United States District Judge