# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY BAILEY,

        Plaintiff,

vs.

CITY OF NLV POLICE DEPARTMENT, *et al.*,

        Defendants.

Case No. 2:09-cv-02281-KJD-PAL

**ORDER**

(Motion Made Upon the Court - Dkt. #23)
(Emergency Motion - Dkt. #27)

      Before the court is Plaintiff's "Emergency" Motion Seeking an Order that Prohibits Defendants from Entering Discovery Phase Where LVMPD has Defaulted (Dkt. #27). Also before the court is a "Motion Made Upon the Court Identifying Defendant McKan #7140" (Dkt. #23).

      The Emergency Motion (Dkt. #27) notes that Plaintiff has filed a Motion for Default Judgment against Defendant LVMPD and Motion (Dkt. #23) requests that the court reissue summons and direct service on Defendant McKan because Plaintiff has now discovered his badge number.

      Defendants submitted a proposed Discovery Plan and Scheduling Order (Dkt. #24) on November 29, 2010, which the court reviewed and approved in an order (Dkt. #25) entered December 1, 2010. Plaintiff indicates that on December 3, 2010, counsel for Defendant LVMPD served him with interrogatories. Because he believes LVMPD is in default, he asks that the court prohibit it from engaging in written discovery. Additionally, the Motion (Dkt. #23) asks for an order directing the U.S. Marshal Service to re-serve summons and complaint on Defendant McKan.

      A review of the court's docket reflects that Defendant LVMPD filed an Answer (Dkt. #18) to Plaintiff's Amended Complaint on October 11, 2010. The notice of electronic filing, entered October 11, 2010 indicates Plaintiff was served by mail with a copy of the Amended Answer at the Clark County Detention Center. Thus, LVMPD is not in default, and appropriately submitted a proposed

Discovery Plan and Scheduling Order in compliance with LR 26-1(e).  Once a Discovery Plan and Scheduling Order has been entered, the parties are free to engage in discovery permitted by the Federal Rules of Civil Procedure.  For this reason, Plaintiff's Emergency Motion (Dkt. #27) will be denied.

With respect to Plaintiff's motion to have the U.S. Marshal's Service reserve summons and complaint on Defendant McKan, it appears he is a police officer employed by LVMPD based upon Plaintiff's allegations.  The court will require counsel for LVMPD to advise the court whether it will accept service on behalf of Officer McKan.  If not, counsel for LVMPD shall provide Officer McKan's home address, under seal, so that the U.S. Marshal Service may serve him.

**IT IS ORDERED**:

1. Plaintiff's Emergency Motion (Dkt. #27) is **DENIED**.
2. Plaintiff's Motion (Dkt. #23) is **GRANTED**.  However, counsel for LVMPD shall have until **January 7, 2011**, in which to either accept service on behalf of Officer McKan, or file his home address, under seal, so that the U.S. Marshal Service may effect service of summons and complaint.

Dated this 21st day of December, 2010.

_____
Peggy A. Leen
United States Magistrate Judge