**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY BAILEY,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY OF NORTH LAS VEGAS POLICE<br>DEPARTMENT, et al.,<br><br>                Defendants. | Case No. 2:09-cv-02281-KJD-PAL<br><br>**ORDER**<br><br>(Mtn for Default - Dkt. #26)<br>(Ex Parte Motion - Dkt. #32)<br>(Motion to Amend - Dkt. #34)<br>(Countermtn for Fees - Dkt. #36)<br>(Mtn to Depose - Dkt. #37) |

      This matter is before the court on Plaintiff Anthony Bailey's ("Plaintiff") Motion for Default Pursuant to Fed.R.Civ.P. 55(a), (b)(1) and (b)(2) (Dkt. #26) and Defendant Las Vegas Metropolitan Police Department's ("LVMPD") Opposition (Dkt. #35); Plaintiff's Ex Parte Motion (Dkt. #32)[1]; Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59(c) (Dkt. #34); LVMPD's Motion for Attorney's Fees (Dkt. #36); and LVMPD's Motion for Leave to Take Deposition of Incarcerated Person (Dkt. #37).

      Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. The court screened Plaintiff's Amended Complaint and directed service. *See* Order, Dkt. #8. Summons were issued and returned executed on all Defendants except Defendant Officer McKan.

**I.    Motion for Default (Dkt. #26).**

      Plaintiff asserts that default judgment should be entered against LVMPD because it has not filed and served an answer or other responsive pleading within twenty days of receipt of summons. A review of the docket, however, reflects that service of summons was made on September 21, 2010, and

/ / /

---

[1] Since the time it was filed, the Motion (Dkt. #32) has been made publicly available on CM/ECF.

1  LVMPD filed its Answer (Dkt. #21) twenty days later on October 11, 2010.  Therefore, Plaintiff's
2  Motion for Default (Dkt. #26) will be denied.
3  **II.     Ex Parte Motion (Dkt. #32).**
4         Plaintiff again seeks an Order entering default judgment against LVMPD because he was not
5  served with a copy of LVMPD's Answer.  Plaintiff also requests the court direct service of summons
6  and the Amended Complaint on Defendant Officer McKan.  With regard to service of the Answer, both
7  the Answer itself and the Notice of Electronic Filing reflect that counsel for LVMPD sent a copy of the
8  Answer to Plaintiff at the Clark County Detention Center, 333 S. Casino Center, Las Vegas, NV 89101,
9  on October 11, 2010.  Thus, it appears service of the Answer (Dkt. #18) was timely made, and default
10 will not be entered against LVMPD.  Furthermore, it appears, based upon a letter attached to Plaintiff's
11 Motion to Alter (Dkt. #36), that LVMPD sent Plaintiff an additional courtesy copy of its Answer on
12 December 7, 2010.  Therefore, Plaintiff's second request for default judgment is denied.
13        With regard to Plaintiff's request for service of summons and the Amended Complaint, the
14 court previously ordered counsel for LVMPD to accept service on behalf of Defendant McKan or
15 provide Defendant McKan's address under seal so the U.S. Marshal could effect service.  Counsel
16 complied, and on January 7, 2011, filed a Notice (Dkt. #33) with the court indicating an address at
17 which the Marshal could effect service on Defendant McKan.  The court will, therefore, grant
18 Plaintiff's Motion and direct service.
19 **III.    Plaintiff's Motion to Alter or Amend (Dkt. #34) & Defendant's Motion for Fees (Dkt. #36).**
20        Plaintiff again seeks an Order entering default against both the City of Las Vegas and LVMPD.
21 Plaintiff asserts that although the City and LVMPD filed their Answer (Dkt. #18) on October 11, 2010,
22 Plaintiff was not served with it on that date.  Defendant responds that Plaintiff's Motion is frivolous and
23 inaccurately captioned because there is no judgment to alter or amend, and Plaintiff is merely
24 attempting to request default judgment a third time.  Defendant asserts that Plaintiff's Motion is more
25 accurately captioned a motion to reconsider the court's Order (Dkt. #29).  Defendant also requests
26 Plaintiff be sanctioned in the amount of $200.00 for forcing them to respond unnecessarily to the
27 motion.
28 / / /

1  The court will treat Plaintiff's Motion to Alter as a Motion for Reconsideration because it
2  requests the court modify its previous Order (Dkt. #29).  Here, however, modification is not warranted.
3  Plaintiff was timely served with the Answer.  The Certificate of Service attached to the Answer certifies
4  that the Answer was mailed to Plaintiff on October 11, 2010–twenty days after the City and LVMPD
5  were served with the summons and Amended Complaint.  Pursuant to Rule 5 of the Federal Rules of
6  Civil Procedure, "A paper is served under this rule by: . . .(C) mailing it to the person's last known
7  address–**in which event service is complete upon mailing.**" *Id.* (emphasis added).  Thus,
8  service was complete on October 11, 2010, when an employee of Olson, Cannon, Gormley &
9  Desruisseux mailed the Answer.  Thus, Plaintiff's Motion (Dkt. #34) will be denied.  Defendant's
10 Motion for Fees (Dkt. #36) will also be denied.  *Pro se* litigants are held to a more lenient standard
11 than are licensed counsel.  Plaintiff is warned, however, that he should not file repeated requests for the
12 same relief, and any further conduct in this regard may result in sanctions.
13 **IV.    Defendant LVMPD's Motion to Depose Plaintiff (Dkt. #37).**
14 LVMPD seeks leave, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, to depose
15 Plaintiff.  LVMPD represents that Plaintiff's testimony is necessary to preparing its defense, and
16 Plaintiff will remain incarcerated during the pendency of the discovery phase in this case.  Rule
17 30(a)(2)(B) requires a party seeking to depose an incarcerated person seek leave of court.  Because
18 Plaintiff is incarcerated, and his deposition is necessary for LVMPD to prepare its defense, the court
19 will allow LVMPD to conduct Plaintiff's deposition at the Clark County Detention Center.
20 **IT IS ORDERED:**
21 1.    Plaintiff's Motion for Default (Dkt. #26) is DENIED.
22 2.    Plaintiff's Ex Parte Motion (Dkt. #32) is GRANTED IN PART AND DENIED IN
23       PART.  The Motion is DENIED to the extent that default will not be entered against
24       LVMPD.  The Motion is GRANTED to the following extent:
25       a.    The Clerk of Court shall issue summons to Defendant McKan.
26       b.    The U.S. Marshal shall effect service of the summons and the Amended
27             Complaint (Dkt. #7) on Defendant McKan at the following address:
28 / / /

        Las Vegas Metropolitan Police Department
        Risk Management
        400 E. Stewart, 7th Floor
        Las Vegas, NV 89101

3.    Plaintiff's Motion to Alter or Amend (Dkt. #34) is DENIED.

4.    Defendant's Motion for Fees (Dkt. #36) is DENIED.

5.    Defendant's Motion for Leave (Dkt. #37) is GRANTED.

Dated this 4th day of February, 2011.

                                                  _____
                                                  PEGGY A. LEEN
                                                  UNITED STATES MAGISTRATE JUDGE