**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY BAILEY, | ) |
| Plaintiff, | ) Case No. 2:09-cv-02281-KJD-PAL |
| vs. | ) **ORDER** |
| CITY OF NLV POLICE DEPARTMENT, *et al.,* | ) (Mot. Substitute Events - Dkt. #41) |
| Defendants. | ) |

Before the court is Plaintiff's "Motion Substitution of Chain of Events Stated During 4-7-11 Deposition Based Upon Affidavit of Tisha Jackson" (Dkt. #41) filed April 14, 2011. The court has considered the Motion, and Defendant Las Vegas Metropolitan Police Department's ("LVMPD") Response (Dkt. #48).

Plaintiff who is in custody and appearing *pro se* asks for an order "that allows Tisha Jackson affidavit to substitute the chain of events stated during deposition while on house arrest." It is unclear what deposition testimony Plaintiff seeks to substitute with the affidavit of Tisha Jackson, which is attached to the motion. However, it appears that because Plaintiff claims his motor skills were impaired and he was not able to adequately recall travel while on house arrest, that he seeks to substitute Tisha Jackson's affidavit for his own testimony in this case. Counsel for LVMPD opposes the motion because Plaintiff has offered no points and authorities in support of it, and has failed to offer any details or rationale for his request. The court entered an order authorizing the Plaintiff's deposition to be taken in accordance with Rule 30 of the Rules of Civil Procedure, and counsel for LVMPD represents that Plaintiff did not indicate at the time of his deposition that he had any concern about his competency or had any condition that would adversely effect his ability to hear and understand the questions and provide competent responses. Counsel for LVMPD therefore opposes the motion and asserts that the

entirety of the Plaintiff's deposition transcript should be used for all purposes allowed by Rule 32 of the Federal Rules of Civil Procedure.

Having reviewed and considered the matter, the court finds the Plaintiff has not established good cause why his sworn deposition testimony should be substituted by the affidavit of his sister. Plaintiff does not specify what portion or portions of his deposition testimony were inaccurate, or supported his allegation that his motor skills were impaired such that he was unable to adequately recall the events about which he was questioned at his deposition. Accordingly,

**IT IS ORDERED** Plaintiff's Motion (Dkt. #41) is **DENIED**.

Dated this 25th day of May, 2011.

_____
Peggy A. Leen
United States Magistrate Judge