UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY BAILEY,

    Plaintiff,

v.

CITY OF LAS VEGAS, *et al.*,

    Defendants.

Case No. 2:09-CV-02281-KJD-PAL

**ORDER**

    Before the Court is Plaintiff's Motion to Vacate (#66). Defendants Las Vegas Metropolitan Police Department and Officer D. McKan ("LVMDP Defendants") and Defendants City of North Las Vegas Police Department, David Molnar, and Kenneth Winfield, (the "City Defendants") have filed oppositions (#68, #69) to which Plaintiff has filed a reply (#70).

    On December 7, 2011 the Court issued an Order (#64) granting the City and LVMPD Defendants' Motions for Summary Judgment. The Court determined that no dispute of fact existed and that Defendants had not violated Plaintiff's constitutional rights and were not liable pursuant to 42 U.S.C. § 1983. Plaintiff now seeks reconsideration of the Court's Order.

    A party may seek reconsideration pursuant to Fed. R. Civ P. 59(e) or 60(b). However, this type of relief is warranted only if "extraordinary circumstances" exist. Maraziti v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995), citing Ackermann v. United States, 340 U.S. 193, 199-201, 71 S.Ct. 209,

212-13, 95 L.Ed. 207 (1950); Waggoner v. R. McGray, Inc., 743 F.2d 643, 645 (9th Cir.1984). A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. See Maraziti, at 52 F.3d 255; Beentjes v. Placer County Air Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003). In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier. See Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1033 (N.D. Cal. 1994).

Plaintiff's motion re-hashes arguments previously raised in opposition to the Motions for Summary judgment. Specifically, Plaintiff argues that the Court failed to consider evidence that Officer McKan deliberately concealed GPS tracking data.  At the time it issued the Order, the Court was aware of Plaintiff's argument regarding GPS tracking data. However, GPS tracking data has no bearing on whether Defendant McKan was indifferent to the medical needs of Plaintiff. Defendant McKan briefed Plaintiff on the rules of house arrest and Plaintiff signed a form acknowledging that he understood the rules for obtaining medical care.

Plaintiff's remaining arguments are that the Court was incorrect about application of res judicata, and that the *Las Vegas Review-Journal's* investigation into police shootings abrogates the doctrine of qualified immunity. These arguments are frivolous. Accordingly, there is no basis for reconsideration of the Order.

**IT IS HEREBY ORDERED THAT** Plaintiff's Plaintiff's Motion to Vacate (#66) is **DENIED**.

DATED this 29th day of May 2012.

_____
Kent J. Dawson
United States District Judge