# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY BAILEY,

    Plaintiff,

v.

CITY OF LAS VEGAS, *et al.*,

    Defendant.

Case No. 2:09-CV-02281-KJD-PAL

**ORDER**

    Before the Court is Plaintiff's Motion for Relief from Judgment (#78). Defendant filed a Response (#79) and a Supplement (#80) to which Plaintiff replied (#81).

<u>I. Background</u>

    On December 7, 2011, the Court issued Order (#64) granting Defendants' Motions for Summary Judgment. The Court determined that no dispute of fact existed and that Defendants did not violate Plaintiff's constitutional rights. On December 15, 2011, Plaintiff filed a Motion to Vacate the Order for Summary Judgment (#66). On May 29, 2012, the Court denied Plaintiff's motion (#71). On June 22, 2012, Plaintiff filed a Notice of Appeal (#72). On July 11, 2012, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal (#75). On April 15, 2013, Plaintiff filed this Motion for Relief (#78).

///

## II. Legal Standard of a Motion for Relief from Judgment

A motion for reconsideration may be brought under Rule 60(b) if the moving party can show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backland v. Barnhart, 778 F.2d 1386, 1388 (1985). A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. FED. R. CIV. P. 60(b).

In order to meet the "newly discovered evidence" requirement within the meaning of Rules 60(b)(2), parties must show that the evidence: "(1) is truly-newly discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1130 n.45 (E.D. Cal. 2001); see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987). Failure to file documents in an original motion or opposition does not turn the late filed documents into newly discovered evidence. Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

## III. Analysis

### A. Timeliness

Plaintiff makes his motion under the newly discovered evidence and fraud subsections of Rule 60(b). Rule 60(b) motions of newly discovered evidence and fraud must be made no more than a year after the entry of the judgment or order. See FED. R. CIV. P. 60(c)(1). The order granting summary judgment was entered on December 7, 2011. Plaintiff filed his motion for relief on April 15, 2013. Even when taking into account the nineteen days it took for Plaintiff to appeal, more than a year has passed since judgment was entered. Plaintiff's motion, therefore, is clearly untimely under Rule 60(c)(1).

B. Newly Discovered Evidence

In his motion, Plaintiff provided a letter from the director of the Department of Social Services and alleged that it is newly discovered evidence under Rule 60(b)(2). To meet the requirements of Rule 60(b)(2) for newly discovered evidence, Plaintiff must show that the letter (1) is truly-newly discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome. See Westlands Water Dist. 134 F. Supp. 2d at 1130. The letter is dated March 20, 2013—well after the Court's order for summary judgment was recorded—so the letter is technically 'new' to Plaintiff. However, Plaintiff gives no explanation as to why he could not have obtained the letter through due diligence years ago. The letter is from the Department of Social Service and notifies Plaintiff that he was sanctioned in 2009 for missing a required orientation in 2008. This information could have been easily obtained from the Department of Social Service during the five months of discovery in 2010. Plaintiff fails to show that that the letter could not have been obtained through due diligence.

Plaintiff argues that the letter proves that he was physically present at the Clark County Social Services office and attempted to obtain medical and dental care. This allegation, even if true, does not present a trialworthy issue of fact. Plaintiff's original claim alleged that Defendant McKan demonstrated deliberate indifference while she was briefing him on the rules of house arrest and deliberately forbade him from leaving his house for medical care during the first week of his house arrest. Plaintiff's physical location on a particular day is irrelevant to Plaintiff's claim against Defendant McKan. Accordingly, Plaintiff fails to show that the letter is of such a material nature that it demands a probable change in the outcome. Since Plaintiff does not meet the requirements of newly established evidence, his motion for relief cannot be granted under Rule 60(b)(2).

C. Fraud

Plaintiff alleges that Rule 60(b)(3) applies because Defendants failed to comply with the Rules of Discovery and give him the GPS data that he requested. The Court acknowledged and ruled

3

on these allegations in its Order (#71) Denying Plaintiff's Motion to Vacate. If Plaintiff disagreed with the Court's ruling, he should have raised these issues in his direct appeal to the Ninth Circuit. However, even if Plaintiff raised these issues in his appeal, the Ninth Circuit found his appeal to be so insubstantial as to not warrant further review. Therefore, the Court's previous ruling is now law of the case.

### D. Summary

Plaintiff's motion is frivolous. It consists of a mere repetition of allegations and arguments from Plaintiff's previous motions and responses. Plaintiff has done this before in his Motion to Vacate (#66). Further, even if Plaintiff's claims were meritorious–which they are not–they are untimely. The Court, therefore, will not entertain any further motions, documents, or other submissions from Plaintiff regarding this matter. The Court warns Plaintiff that if he disregards this Order and attempts to file additional documents with the Court regarding this matter, he will be sanctioned at minimum the costs and fees of Defendant's response.

### IV. Conclusion

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Relief from Judgment (#78) is **DENIED**.

DATED this 12th day of August 2013.

_____
Kent J. Dawson
United States District Judge